People v Beckford (2025 NY Slip Op 03337)

People v Beckford

2025 NY Slip Op 03337

Decided on June 4, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 4, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
BARRY E. WARHIT
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2022-02639
 (Ind. No. 70060/19)

[*1]The People of the State of New York, respondent, 
v
Anthony M. Beckford, also known as "Beans," appellant.

Carol Kahn, New York, NY, for appellant.
Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Winter A. Vega of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Edward T. McLoughlin, J.), rendered March 9, 2022, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). The defendant's contention that the waiver of the right to appeal was unenforceable because the People and defense counsel purportedly modified the plea agreement after the County Court conducted the appeal waiver colloquy does not implicate the validity of the appeal waiver. Rather, this contention relates to the validity of the plea of guilty, and the defendant admittedly does not challenge or seek to vacate his plea of guilty (see People v Cali, 229 AD3d 940, 941).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that the sentence imposed was excessive (see People v Lopez, 6 NY3d at 255).
BARROS, J.P., WARHIT, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court